

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00295-CR

Guadalupe Alvarez **MORENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR7982
Honorable Angus McGinty, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  July 17, 2013

DISMISSED

On May 29, 2013, we notified Appellant that the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea agreement signed by Appellant under which he entered a plea of *nolo contendere*. The trial court's judgment also shows there was a plea agreement, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by Appellant. Therefore, the trial court's certification accurately reflects that this is a plea bargain case. *See* TEX R. APP. P. 25.2(a)(2).

In our May 29, 2013 order, we warned Appellant that "[this] appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *See id.* R. 25.2(d). We ordered that this appeal would be dismissed under Rule 25.2(d) unless Appellant caused an amended trial court certification to be filed by June 28, 2013, that showed Appellant has the right of appeal. *See id.* R. 25.2(d), 37.1; *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.— San Antonio 2003, no pet.).

On July 8, 2013, Appellant filed a motion for extension of time to file a *pro se* brief. In his motion, Appellant asserts that his appellate attorney filed an *Anders* brief on his behalf and notified him that he could file a *pro se* brief. *See Anders v. California*, 386 U.S. 738 (1967). However, neither this court nor the State has received an *Anders* brief. Moreover, Appellant has not filed an amended trial court certification showing he has a right of appeal. *See* TEX. R. APP. P. 25.2(d).

Accordingly, we deny Appellant's motion for extension of time to file a *pro se* brief and dismiss this appeal. *See id.*; *Chavez*, 183 S.W.3d at 680; *Daniels*, 110 S.W.3d at 176.

PER CURIAM

DO NOT PUBLISH